Arent Fox LLP / New York, NY / Washington, DC / Los Angeles, CA

REC'D & FILED
2011 MAR 31 AM 9: 10
CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
SYRACUSE

# Arent Fox

March 30, 2011

David J. Kozlowski
Attorney
212.457.5481 DIRECT
212.484.3990 FAX
kozlowski.david@arentfox.com

**VIA FEDEX**

United States Bankruptcy Court
Attn: Clerk's Office
United States Federal Building and Courthouse
100 S. Clinton Street
Syracuse, NY 13261

    Re:    Mohawk Valley Nursing Home, Inc.
            Chapter 11 Case No. 09-30389 (MCR), Adv. Pro. No. 10-50018 (MCR)
            <u>Request to Reopen Closed Adversary Proceeding</u>

Ladies or Gentlemen:

The Official Committee of Unsecured Creditors of Mohawk Valley Nursing Home (the "Committee"), by and through its undersigned counsel, hereby requests that the adversary proceeding between the Committee and Main-Care Energy ("Main-Care"), Adv. Pro. No. 10-50018 (MCR) (the "Adversary Proceeding"), be reopened for the limited purpose of seeking entry of a corrective stipulation between the Committee and Main-Care.

The Committee and Main-Care reached a settlement to the Adversary Proceeding, which was approved by this Court on June 28, 2010. The settlement inadvertently included language affecting Main-Care's ability to collect a distribution on behalf of its filed proof of claim. However, before this was discovered and corrected, the Adversary Proceeding was closed. As a result of this inadvertently included language, Main-Care may suffer damages resulting from being excluded from any distribution. Concurrent with this letter, the Committee is filing a motion, on notice in the Adversary Proceeding, seeking Court approval of a corrective stipulation. In order to have such motion heard, the Adversary Proceeding must be reopened.

Section 350(b) of the Bankruptcy Code provides for reopening of a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen a case is within the a court's discretion. *In re Chalasani*, 92 F.3d 1300, 1308 (2d Cir. 1996). Reopening a case does not give substantive relief, but merely grants the opportunity to request relief. *Chalasani*, 92 F.3d at 1307–08. The Committee asserts that cause exists to reopen the Adversary Proceeding for the limited purpose of allowing the Committee to request entry of an order approving a corrective settlement.

NYC/576180.1

| | | |
|---|---|---|
| 1675 Broadway | 1050 Connecticut Avenue, NW | 555 West Fifth Street, 48th Floor |
| New York, NY 10019-5820 | Washington, DC 20036-5339 | Los Angeles, CA 90013-1065 |
| T 212.484.3900  F 212.484.3990 | T 202.857.6000  F 202.857.6395 | T 213.629.7400  F 213.629.7401 |

SMART IN YOUR WORLD®

# Arent Fox

Kindly advise if any additional information or documentation is required.

Respectfully,

David J. Kozlowski

cc: Melissa Tobrocke, Esq. (via email)
Charles J. Sullivan, Esq. (via email)